**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NAVEEN ANAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____________ |
| v. | § | |
| | § | |
| HALLMARK FINANCIAL SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT FOR ADVANCEMENT**

Plaintiff Naveen Anand ("Mr. Anand"), by and through his undersigned counsel, brings this action against Defendant Hallmark Financial Services, Inc. ("Defendant," the "Company," or "Hallmark"), alleging as follows:

**NATURE OF THE ACTION**

1. Mr. Anand, the former President and CEO of Hallmark, a diversified commercial and personal lines insurance company, brings this narrowly-tailored action to obtain declaratory judgment and injunctive relief requiring Hallmark to advance the expenses he has incurred, and will continue to incur, in responding to and defending against claims that Hallmark has threatened against him (the "Threatened Action"). Hallmark's bylaws impose on the Company an unequivocal, mandatory obligation *requiring* Hallmark to pay Mr. Anand's expenses "as they are incurred." Yet Hallmark has refused to honor its clear obligations.

2. The Company's refusal is no oversight. It is part of a plan orchestrated by Hallmark's current ownership and management to publicly tarnish Mr. Anand's reputation—and possibly those of other well-regarded former Hallmark executives—in a cynical bid at misdirection to distract from their own responsibility for the Company's business failures.

3. After Mr. Anand left his positions as President and CEO of Hallmark in January 2021, the Company suffered significant commercial setbacks, including being delisted from the NASDAQ and losing an arbitration related to a loss portfolio transfer transaction (the "LPT Transaction") that allegedly caused millions of dollars in damages. Upon information and belief, before the Company lost the arbitration in June 2023—and, indeed, throughout the year-plus of the arbitration proceeding—the Company steadfastly maintained that neither it nor its former executives, including Mr. Anand, had engaged in any misconduct in connection with the LPT Transaction or the Company's loss reserving practices.

4. Relatedly, prior to the LPT arbitration, Hallmark's audit committee commissioned a fully independent investigation of its loss reserving practices conducted by independent counsel in connection with a May 2020 shareholder lawsuit. Mr. Anand was told the investigation found no misconduct by him. At the time, Hallmark agreed to pay, and in fact covered, Mr. Anand's expenses in connection with the shareholder litigation, which was later dismissed with prejudice in 2021.

5. As for the more recent arbitration proceeding, Mr. Anand was similarly uninvolved. He never gave testimony in the arbitration, nor was ever subpoenaed to do so. And, upon information and belief, Mr. Anand is not even mentioned in the arbitration award.

6. Ignoring this history that absolves Mr. Anand of any alleged wrongdoing—to say nothing of current management's blatant hypocrisy in turning on Mr. Anand at the eleventh-hour when it suits them, having lost the arbitration—the Threatened Action contends that Mr. Anand somehow was responsible for Hallmark's losses related to the LPT Transaction and arbitration.

7. Hallmark's plan is thus laid bare: By refusing to advance Mr. Anand's defense costs in connection with the Threatened Action, the Company aims to make him a scapegoat, pure and simple, while improperly depriving him of resources to defend himself.

8. This action thus presents the archetype of a case where advancement should be ordered expeditiously to enforce Mr. Anand's clear rights and stop Hallmark from continuing to put its finger on the scales. But because Hallmark refuses to acknowledge its advancement obligation, Mr. Anand is left with no choice but to bring this action.

**PARTIES**

9. Plaintiff Naveen Anand is an individual who resides in Warren, New Jersey.

10. Defendant Hallmark is a corporation incorporated in Nevada, with its principal place of business in Dallas, Texas.

**JURISDICTION AND VENUE**

11. This Court has personal jurisdiction over Defendant because its headquarters and principal place of business are in Dallas, Texas.

12. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and the Plaintiff is of different citizenship than the Defendant.

13. The Court has authority to issue a declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202.

14. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, "[t]he court may order a speedy hearing of a declaratory-judgment action."

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because Hallmark's headquarters and principal place of business are in this District, and a substantial part

of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action, is situated in this District.

**FACTUAL BACKGROUND**

16. From around September 2014 until February 26, 2021, Mr. Anand served as the President and Chief Executive Officer of Hallmark.

17. During Mr. Anand's tenure at Hallmark, the Company amended its bylaws on or about March 24, 2017. Hallmark amended its bylaws again on or about January 9, 2022, which remain in effect to this day and are referred to herein as the "Bylaws."

18. True and correct copies of the Company's bylaws from 2017 and the Bylaws are attached hereto as Exhibits 1 and 2, respectively.

19. Article VII, Section 1 of the Bylaws states as follows:

> Scope of Indemnification. To the fullest extent authorized, permitted or required by NRS Section 78.7502 (as now in effect or as subsequently amended or superseded), but subject to the procedural requirements stated in NRS Section 78.751, the Corporation shall indemnify each director, officer, employee and agent of the Corporation and each other person identified in NRS Section 78.7502 against all judgments, fines, settlements, costs, expenses and other monetary obligations such person may suffer, sustain or incur as the result of actions taken or omitted by such person under circumstances and in situations described or defined in, or contemplated by, NRS Section 78.7502.

20. Article VII, Section 2 of the Bylaws states as follows:

> Expense Advances. ***The expenses of officers and directors of the Corporation incurred in defending a civil or criminal action, suit or proceeding shall be paid by the Corporation as they are incurred and in advance of the final disposition of the action, suit or proceeding***, upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he or she is not entitled to be indemnified by the Corporation. The provisions of this Section 2 do not affect any rights to advancement of expenses to which corporate personnel other than directors or officers may be entitled under any contract or otherwise by law (emphasis added).

21. Article VII, Section 4 of the Bylaws states as follows:

> Enforceability. The provisions of this Article VII are to be deemed an element of the contract or engagement between the Corporation and each person who holds a position giving rise to indemnification. Subject to the conditions and limitations expressed herein and in NRS Sections 78.7502, 78.751 and 78.752, the indemnification provided in this Article VII may thus be enforced against the Corporation as a matter of contractual right.

22. Article VII of the March 24, 2017, Hallmark bylaws contains the same provisions.

23. Section 78.751(3)(b) of the Nevada Revised Statutes, which is expressly incorporated by reference into Article VII of the Bylaws pursuant to Article VII, Section 4, provides that "the advancement of expenses authorized in or ordered by a court pursuant to this section . . . [c]ontinues for a person who has ceased to be a director, officer, employee or agent and inures to the benefit of the heirs, executors and administrators of such a person." Mr. Anand's advancement rights under the Bylaws therefore continue after he ceased to be an officer of Hallmark.

24. On October 4, 2024, Hallmark, through its counsel, sent an email to Mr. Anand asking him to sign a proposed tolling agreement, and stating that "[i]f you cho[o]se not to do so, [Hallmark] is prepared to commence legal proceedings against you," for supposed "breach[es of] fiduciary duty while serving as [Hallmark's] President and Chief Executive Officer." A true and correct copy of the Company's October 4, 2024 email, together with the attached summons with notice, is attached hereto as Exhibit 3. The draft summons with notice attached to the October 4 email further alleges that Mr. Anand engaged in a variety of supposed (and imagined) misconduct in his capacity as an officer of the Company that allegedly "caused significant damages" to Hallmark.

25. Hallmark's Threatened Action against Mr. Anand thus self-evidently relates to, and arises from, Mr. Anand's alleged actions in his capacity as President and CEO of Hallmark.

Indeed, Hallmark specifically threatened to assert a breach of fiduciary duty claim against him, based on the duties he owed to Hallmark as an officer of the Company.

26. Accordingly, on October 8, 2024, Mr. Anand sent Hallmark a demand for indemnification and advancement, citing the above-referenced provisions of the Bylaws and Nevada state law (the "Advancement Demand"). A true and correct copy of the Advancement Demand is attached hereto as Exhibit 4. The demand letter stated, in part:

> The Indemnification and Advancement Provisions provide that Mr. Anand is entitled to indemnification and advancement for his legal fees and costs in connection with the [Threatened] Action, including any such fees and costs incurred in connection with Hallmark threatening to commence the [Threatened] Action. Accordingly, Mr. Anand hereby demands advancement of his legal fees and costs pending a final disposition of the claims in the [Threatened] Action in accordance with the terms of the Indemnification and Advancement Provisions. In connection therewith, Mr. Anand is providing the enclosed written affirmation and undertaking.

27. Mr. Anand provided to Hallmark, as an attachment to his Advancement Demand, a signed undertaking, in accordance with Article VII, Section 2 the Bylaws, stating as follows:

> I, Naveen Anand, affirm . . . that it is my good faith belief that I have met the standard of conduct necessary for indemnification under the Indemnification and Advancement Provisions.
>
> In addition, if and to the extent required by applicable law and/or the Indemnification and Advancement Provisions, I undertake to reimburse Hallmark for all advances of expenses made to me under the Indemnification and Advancement Provisions in connection with the action Hallmark intends to commence against me in New York, as described in the email I received from Hallmark's counsel on October 4, 2024, in the event that, and only to the extent that, it is determined by a court of competent jurisdiction that indemnification for such expenses is not permitted by law or authorized by the Indemnification and Advancement Provisions.

28. Mr. Anand requested that Hallmark advise whether it "intends to honor its advancement obligations."

29. During a telephone call on October 31, 2024, Hallmark's counsel informed Mr. Anand's counsel that Hallmark had reviewed the October 8 Advancement Demand and rejected the request.

30. After Hallmark's counsel provided no additional explanation, Mr. Anand's counsel then requested that Hallmark respond to the October 8 Advancement Demand in writing.

31. Before Hallmark issued any written response to the Advancement Demand, Mr. Anand sent a second demand for advancement to Hallmark on November 1, 2024 (the "Second Advancement Demand"). Mr. Anand attached to the Second Advancement Demand an invoice for legal services rendered and costs incurred through October 31, 2024, in responding to the Threatened Action.

32. Attached as Exhibit 5 is a true and correct copy of the Second Advancement Demand, requesting payment of $60,270 by no later than November 8, 2024.

33. In a letter dated November 7, 2024, Hallmark summarily rejected both the Advancement Demand and the Second Advancement Demand[1] without any satisfactory reason, stating that "[t]he Company's Board of Directors met on October 23, 2024, to consider the Demand and determined that Mr. Anand is not entitled to advancement at this time." A true and correct copy of Hallmark's November 7 response letter is attached hereto as Exhibit 6.

34. Hallmark's response did not address the Bylaws or Nevada law, which unambiguously require advancement under the circumstances, nor suggest how or why

[1] The invoice for legal services attached to the Second Advancement Demand was redacted to maintain confidentiality and to preserve Mr. Anand's attorney-client privilege. Hallmark did not object to any of the charges in the invoice or to any of the redactions. Nor did Hallmark request further information in connection with the redacted invoice in order to evaluate the time entries or charges reflected therein.

advancement was inappropriate "at this time" but, presumably, could be appropriate at another time.

35. Since November 1, 2024, Mr. Anand has continued to incur legal fees and costs associated with responding to Hallmark's Threatened Action, which, together with amounts incurred prior to November 1, exceed $75,000.

36. As of the date of this filing, Hallmark has failed to advance any funds to Mr. Anand in violation of its clear obligations.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT (DECLARATORY AND INJUNCTIVE RELIEF)

37. Mr. Anand realleges each and every allegation contained in each of the paragraphs above, as if fully set forth herein.

38. Pursuant to Article VII, Section 4 of the Bylaws, "[t]he provisions of this Article VII are to be deemed an element of the contract or engagement between the Corporation and each person who holds a position giving rise to indemnification." It further provides that "[s]ubject to the conditions and limitations expressed herein and in NRS Sections 78.7502, 78.751 and 78.752, the indemnification provided in this Article VII may thus be enforced against the Corporation as a matter of contractual right." Accordingly, Article VII of the Bylaws constitutes a valid contract between Mr. Anand—who, as a former officer of Hallmark, holds a position giving rise to indemnification and advancement rights under the Bylaws—and Hallmark.

39. Pursuant to Article VII of the Bylaws, Mr. Anand and Hallmark agreed that "[t]he expenses of officers and directors of the Corporation incurred in defending a civil or criminal action, suit or proceeding shall be paid by the Corporation as they are incurred and in advance of the final disposition of the action, suit or proceeding, upon receipt of an undertaking by or on

behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he or she is not entitled to be indemnified by the Corporation."

40. Mr. Anand fully performed under Article VII of the Bylaws, by providing a signed undertaking to Hallmark on October 8, 2024, and again on November 1, 2024.

41. Hallmark breached its obligations under Article VII of the Bylaws by refusing to advance Mr. Anand's expenses incurred in responding to and defending against the Threatened Action.

42. As a direct result of Hallmark's breach of contract, Mr. Anand has suffered damages, including the payment of fees and costs in connection with responding to the Threatened Action, including commencing this action to enforce his rights, without any advancement of expenses, or agreement to advance expenses, by Hallmark.

43. An actual controversy has arisen and exists between Mr. Anand and Hallmark concerning Mr. Anand's right as a former officer of Hallmark to advancement of his legal fees and other expenses under the Bylaws. Mr. Anand seeks a declaration that the Bylaws require Hallmark to advance his fees and expenses incurred in connection with the Threatened Action, and on an ongoing basis, including if and when Hallmark commences the Threatened Action.

44. A declaratory judgment is needed to clarify the legal relations of the parties and will serve a useful purpose in resolving and settling the legal relations at issue.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Anand prays for relief and judgment as follows:

A. A declaration that Hallmark is obligated under the Bylaws to advance to Mr. Anand all legal fees and expenses Mr. Anand has incurred, and continues to incur, in responding to and

defending against the Threatened Action, including those incurred in connection with bringing the instant action, and to advance such fees and expenses going forward as they are incurred;

B. A declaration that Hallmark breached its advancement obligations under the Bylaws by failing and refusing to advance Mr. Anand's legal fees and expenses;

C. An order requiring Hallmark promptly to pay the legal fees and expenses incurred to date by Mr. Anand in responding to and defending against the Threatened Action, including those incurred in connection with bringing the instant action, as well as to make prompt payment of such fees and expenses as and when incurred by Mr. Anand in the future;

D. An order requiring Hallmark to pay pre-judgment and post-judgment interest on the total amount of fees and expenses, from the time of Mr. Anand's first demand for advancement on October 8, 2024, to the date that payment is received by Mr. Anand; and

E. Granting such other and further relief as the Court deems just and proper.

December 18, 2024

*/s/ Jared M. Slade*
Jared M. Slade
Texas Bar No. 24060618
ALSTON & BIRD
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
D: 214-922-3424
Jared.Slade@alston.com

E. Scott Schirick *(application for admission pro hac vice forthcoming)*
Alan M. Mendelsohn *(application for admission pro hac vice forthcoming)*
ALSTON & BIRD
90 Park Avenue
New York, NY 10016
D: 212-905-9032
Email: scott.schirick@alston.com
alan.mendelsohn@alston.com

*Attorneys for Plaintiff Naveen Anand*